UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EMILIANO CHAVEZ-GONZALEZ,<br><br>    Petitioner,<br><br>  v.<br><br>ALBERTO GONZALES, *et al.*,<br><br>    Respondents. | CASE NO. C05-306-JLR-MJB<br><br>REPORT AND RECOMMENDATION |

## INTRODUCTION AND BACKGROUND

On February 23, 2005, petitioner filed, through counsel, a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his final order of removal to Mexico. (Dkt. #1). At the same time, petitioner also filed a Motion for Preliminary Injunctive Staying Removal. (Dkt. #3). The Court subsequently stayed petitioner's removal pending the resolution of his habeas petition. (Dkt. #9). Petitioner's petition raised both statutory and constitutional challenges to the agency's determination that he is removable under INA § 212(a)(2)(C), 8 U.S.C. § 1182(a)(2)(C). However, on May 24, 2005, petitioner filed a Motion to Transfer Petition to the Court of Appeals. (Dkt. #16). The basis of petitioner's motion is that such transfer is required by Section 106(c) of the REAL ID Act of 2005, Pub. L. No. 109-13, 119

REPORT AND RECOMMENDATION
PAGE – 1

Stat. 231, enacted into law on May 11, 2005. Respondents have stated that they have no opposition to petitioner's motion to transfer this case to the Ninth Circuit Court of Appeals pursuant to the REAL ID Act. (Dkt. #17).

In light of the recent enactment of the REAL ID Act of 2005, I recommend that the Court transfer this action to the United States Court of Appeals for the Ninth Circuit as a Petition For Review.

## TRANSFER OF JURISDICTION

On May 11, 2005, the President signed into law the REAL ID Act of 2005. REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231. Under Section 106(a)(1)(B) of the REAL ID Act, two new paragraphs (4 and 5) were added to 8 U.S.C. § 1252(a). Paragraph 5 of 8 U.S.C. § 1252(a) has particular relevance to this case; it provides:

> (5) EXCLUSIVE MEANS OF REVIEW.--Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and 'jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005) (Division B, Section 106(a)(B)). This provision explicitly deprives this Court of jurisdiction under 28 U.S.C. § 2241 to review an order of removal entered under the Immigration and Nationality Act. Moreover, Section 106(b) of the REAL ID Act explicitly provides that Section 106(a) is retroactive: "subsection (a) shall take effect upon the date of enactment of this division and shall apply to cases in which the final

REPORT AND RECOMMENDATION
PAGE – 2

administrative order of removal, deportation, or exclusion was issued before, on, or after the date of enactment." Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005) (Division B, Section 106(a)(B)).

Additionally, Section 106(c) of the REAL ID Act provides that if any § 2241 habeas corpus case challenging a final administrative order of removal, deportation, or exclusion is pending in a district court on the date of enactment, "then the district court shall transfer the case (or any part of the case that challenges the order of removal ...) to the [appropriate] court of appeals." Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005) (Division B, Section 106(c)). Accordingly, this action should be transferred to the Ninth Circuit Court of Appeals for resolution as a Petition for Review in accordance with Section 106(c) of the REAL ID Act.

## CONCLUSION

For the foregoing reasons, I recommend that this case be transferred to the Ninth Circuit as a Petition For Review pursuant to Section 106(c) of the REAL ID Act. A proposed Order accompanies this Report and Recommendation.

DATED this 9th day of June, 2005.

MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE – 3